Louis F. Rothschild et al., Copartners Doing Business under the Name of L. F. Rothschild & Co., Appellants, v. Ida Clawans et al., Respondents.

First Department, December 18, 1951.

*Felix A. Fishman* of counsel (*Sam L. Cohen* with him on the brief; *Moses & Singer,* attorneys), for appellants.

*Herbert Goldmark* of counsel (*Joseph K. Guerin* with him on the brief; *Myers & Guerin,* attorneys), for respondents.

*Per Curiam.* Plaintiffs have appealed from an order denying their application under subdivision 3 of section 287-d of the Civil Practice Act for an order permitting them to retain specific personal property to the credit of the action and to be discharged from liability to any of the parties for its retention.

In denying the application Special Term treated it as one addressed to the discretion of the court although the section gives an applicant who meets its requirements an absolute right to one of the forms of relief specified. Subdivision 3 of section 287-d provides that upon the entry of an order pursuant to section 287-a, permitting the institution of an action to determine adverse claims to specific personal property, or at any time thereafter, the court upon the application of the person holding the property " *must order* " that the property be delivered to the court or to a person designated by the court or that it be retained by the holder for disposition in accordance with the final judgment to be entered in the action. The order may impose such terms and conditions as may be justly warranted by the existing state of facts.

It is undisputed that plaintiffs instituted this action pursuant to an order properly obtained under the provisions of section 287-a; consequently, their application for the relief sought should have been granted.

The order appealed from, therefore, should be reversed, with $20 costs and disbursements to appellants and their motion granted. Settle order.

Dore, J. (dissenting). Section 287-a of the Civil Practice Act relates to claims " by adverse claimants " against the person holding personal property including stock certificates. The pleadings before the court show that in this case there are no " adverse claimants " against plaintiffs as holders of the stock certificates. Only one defendant, Lillian Clawans, claims ownership of the stock in question. It would seem therefore that section 287-a would not apply and if section 287-a does not apply section 287-d would not be applicable.

To grant plaintiffs the order now asked for would be to discharge plaintiffs of any liability for damages for retention of the stock in question. That should not be done in a case in which defendants claim that plaintiffs' retention of the stock at least from the date of the original demand on or about January 2, 1951, was wrongful.

Accordingly I dissent and vote to affirm.

GLENNON, J. P., COHN, CALLAHAN and SHIENTAG, JJ., concur in *Per Curiam* opinion; DORE, J., dissents and votes to affirm, in opinion.

Order reversed, with $20 costs and disbursements to appellants and the motion granted. Settle order on notice. [See *post,* p. 792.]